### JEWELL v. CITY OF PHILADELPHIA et al.

(Circuit Court, E. D. Pennsylvania. March 25, 1911.)

No. 609.

PATENTS (§ 310*)—SUIT FOR INFRINGEMENT—MULTIFARIOUSNESS OF BILL.
   A bill for infringement of a patent against three defendants, alleging past and completed acts of infringement against two, a second cause of action against one of such two for continuing infringement by use of the infringing article, and a third cause of action against all the defendants, growing out of a different and uncompleted transaction, is demurrable for multifariousness.

   [Ed. Note.—For other cases, see Patents, Cent. Dig. § 518; Dec. Dig. § 310.*]

In Equity. Suit by Ira H. Jewell against the City of Philadelphia, the Keystone State Construction Company, and James P. McNichol. On demurrer to bill. Demurrer sustained.

Cyrus N. Anderson, for complainant.
Samuel K. Loughheim, for defendant Keystone State Const. Co.
Samuel M. Clement, Jr., for defendant McNichol.
J. Ashton Devereaux, Owen B. Jenkins, Andrew Wright Crawford, and James Alcorn, City Sol., for defendant city of Philadelphia.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

J. B. McPHERSON, District Judge. This bill charges the defendants with infringing patent No. 649,410, for improvement in filters. It avers that after March 17, 1906, and before December 13, 1910, the date of filing the bill, the Keystone Construction Company entered into a contract with the city which provided that the Construction Company should build, for public use as a part of the municipal waterworks, "certain filters" according to a design furnished by the city, this design embodying the invention of the patent; that the Construction Company built the filters; and that the city now possesses and uses them, and intends to use them in the future. Thus far the bill charges a completed infringing act, with which it is not averred that McNichol had anything to do, and a threat to infringe hereafter, with which neither McNichol nor the company is connected. Paragraph 9, which declares that McNichol, as treasurer of the Construction Company, directs, controls, and manages its business, and "is actively engaged in infringing, and directing and causing infringement, of the claims of your orator's said patent," evidently cannot refer to a transaction that is not in the present, but in the past; and especially in the face of the contradictory averment that the city itself has taken possession of the filters, is now using them, and intends to continue such use. This certainly excludes the idea of continued control upon the part of the Construction Company and McNichol.

Paragraph 9, therefore, must refer to what immediately follows, namely, a charge that the Construction Company and McNichol—

"are now jointly engaged in and threatening to continue the construction and building of additional filters, which filters, when completed, will embody the means illustrated and claimed in your orator's letters patent No. 649,410, and which filters are being constructed, or rather threatened to be constructed, for the use and benefit of the said city of Philadelphia."

Then follows a blanket averment in paragraph 12 that:

"The said defendants [meaning all of them] * * * acting in conjunction and conspiracy with others, and within and during the period subsequent to the 17th day of March, 1906, and prior to the filing of this bill of complaint, * * * have conjointly constructed or caused to be constructed, and used or caused to be used, filters constructed according to and containing the invention or improvement described," etc.

To this is added a further averment that:

"The said defendants [again meaning all of them] threaten to continue their infringing acts, and are prepared and ready so to do, to the great and irreparable injury of your orator."

For present purposes this is the substance of the bill, and I think it is clearly demurrable. For one thing, it lacks reasonable precision and detail, and these could readily have been supplied from easily accessible sources of information. As a matter of common knowledge, of which I think the court may take some notice, there are several filter plants in different parts of the city, distinguished by different names. Some are finished, and at least one of them is still in process of construction, or about to be constructed. Certainly the plaintiff should specify what plants and what contracts he refers to in the different paragraphs of the bill, instead of contenting himself with vague and general averments. But the chief objection is its multifarious character. Only two

of the defendants—the city and the company—are specifically charged with infringement, so far as the completed plants are concerned; and only one of them—the city—is charged with the purpose to continue the infringing acts. But, so far as concerns the uncompleted plant or plants, all the defendants are charged with present infringement, and the purpose to continue such acts. I am aware that some general language in paragraph 12 charges all the defendants with having "conjointly constructed or caused to be constructed, and used or caused to be used," the offending filters; but this language is in conflict with the specific averments of the bill, already referred to, concerning the completed plants, and should be subordinated, I think, to these averments. The total result, therefore, is that the plaintiff claims to have one cause of action against two of the defendants—the city and the Construction Company—for past and completed acts which could be adequately redressed by a suit at law; a second cause of action against one of these two—the city—which may require relief by injunction; and a third cause of action against all the defendants, growing out of a different and uncompleted transaction, in which relief by injunction is asked, and may perhaps be justified. The bill also asks in general terms for an account of "all such gains and profits as have accrued or arisen to or been earned or received by the said defendants" (again meaning all of them), and a decree for treble damages.

In my opinion these disputes—some with one defendant, one with a second, and another with all three—cannot be tried in a single action against the three, and the bill as it stands must be dismissed. But no decree to that effect will be entered until the plaintiff has had an opportunity to recast his bill, if he shall be so advised, and he is hereby given leave to take such action and to file an amended bill on or before April 10th.